UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

DELFIN CUBILE,

        Plaintiff,

v.

SYNCHRONY BANK,
TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and EQUIFAX, LLC,

        Defendants.

Case No.

# COMPLAINT

NOW COMES Plaintiff, DELFIN CUBILE ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendants SYNCHRONY BANK ("SYNCHRONY" or "Defendant"), and TRANS UNION, LLC ("TRANS UNION" or "Defendant"), and EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant"), and EQUIFAX, LLC ("EQUIFAX" or "Defendant"):

## Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## Parties

2. Plaintiff is a natural person at all times relevant residing in Hudson County, in the

City of Jersey, in the State of New Jersey.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant TRANS UNION is a corporation conducting business in the State of New Jersey and is headquartered in Chicago, Illinois.

5. Defendant TRANS UNION is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. Defendant EXPERIAN is a corporation conducting business in the State of New Jersey and is headquartered in Costa Mesa, California.

10. Defendant EXPERIAN is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

11. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

12. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

13. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

14. Defendant EQUIFAX is a company conducting business in the State of New Jersey and is headquartered in Atlanta, Georgia.

15. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

16. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

17. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

18. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

19. Defendant SYNCHRONY is a federally chartered savings association doing business in the State of New Jersey, with its principal place of business located in Stamford, Connecticut.

20. Defendant SYNCHRONY is a "person," as defined by 47 U.S.C. §153 (39).

21. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

22. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

23. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

**Facts**

24. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANS UNION, EQUIFAX, EXPERIAN, and SYNCHRONY regarding a credit account that he had with SYNCHRONY.

25. SYNCHRONY employed Selip & Stylianou, LLP ("Selip & Stylianou") to enter into an agreement to settle Plaintiff's account with SYNCHRONY. Upon information and belief, Selip & Stylianou operated as an agent of SYNCHRONY.

26. CRAs, including TRANS UNION and EQUIFAX and EXPERIAN, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

27. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

28. Further, Furnishers are prohibited from furnishing information they know or should know is inaccurate.

29. Here, Plaintiff is a victim of inaccurate reporting regarding an account he had with SYNCHRONY, an inaccuracy found in all three of the credit reports published by the three CRA Defendants. The following is a description of the inaccuracy and failures of all Defendants to investigate and update their reporting of the account in question:

30. On or about August 26, 2021, Plaintiff and Selip & Stylianou entered into an agreement to settle an account ending in 2522 (the "Account") for $2,957.00.

31. Per the terms of the settlement agreement, Plaintiff made one (1) payment of $108.00 and eleven (11) payments of $259.00, with the last and final payment on July 25, 2022, fully satisfying the settlement agreement and Account.

32. On June 13, 2024, Plaintiff received copies of his credit report from EQUIFAX, EXPERIAN, and TRANS UNION.

33. To his surprise, despite Plaintiff's performance under the terms of the settlement agreement, Defendant SYNCHRONY reported incorrect information regarding the Account to the CRAs.

34. Specifically, TRANS UNION reported the Account status as ">Charge-off<" and reported a past-due, outstanding balance of $738.00 on the Account. Further, TRANS UNION reported the Account rating as "C/O" ("C/O" meaning "Charged off by account provider" according to TRANS UNION) until May 2024 even though the Account was paid and settled in July 2022. Additionally, TRANS UNION failed to accurately report the payment history on the Account.

35. Specifically, EXPERIAN reported the Account status as "Account charged off. $3,695 written off. $738 past due as of May 2024" and reported a past-due, outstanding balance of $738.00 on the Account. Further, EXPERIAN reported the Account rating as "CO" ("CO" meaning "Charge off" according to EXPERIAN) until May 2024 even though the Account was paid and settled in July 2022. Additionally, EXPERIAN failed to accurately report the payment history on the Account.

36. Specifically, EQUIFAX reported the Account status as "CHARGE_OFF" and reported a past-due, outstanding balance of $738.00 on the Account. Further, EQUIFAX reported the Account rating as "CO" ("CO" meaning "Charge-Off" according to EQUIFAX) until April 2024 even though the Account was paid and settled in July 2022. Additionally, EQUIFAX failed to accurately report the payment history on the Account.

37. The CRA Defendants' failure to report the Account correctly, including its failure to report the accurate status and rating on the Account and its failure to report any of the payments Plaintiff made on the Account, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

38. On June 28, 2024, Plaintiff issued disputes by mail to all three CRA Defendants regarding the incorrect information being reported on the Account.

39. In his dispute letters, Plaintiff disputed the incorrect status and rating of the Account and the inaccurate payment history of the Account. Plaintiff also included proof of the agreement between himself and Selip & Stylianou and proof of the payments made in satisfaction of the agreement.

40. Upon information and belief, pursuant to their obligations under the FCRA, all three CRA Defendants notified SYNCHRONY of Plaintiff's disputes within five days of receipt of the disputes.

41. Further, upon information and belief, all three CRA Defendants would have sent the documentation Plaintiff included in his dispute letters to SYNCHRONY, including the terms of the settlement and proof of the payments.

42. Despite his very specific disputes and accompanying documents supporting his disputes, the second set of credit reports from all three CRA Defendants, received by Plaintiff on

August 14, 2024, reiterated the same inaccuracies. All three CRA Defendants continued to report a charge-off status on the Account, a C/O rating appearing for several years after the final payment in July 2022, a past-due, outstanding balance of $738.00 on the Account, and did not correct the payment history of the Account.

43. At the time of filing this complaint, all three CRA Defendants continue to inaccurately report the Account status, the Account rating, and the payment history.

44. Upon information and belief, all three CRA Defendants continue to report this information because of (1) SYNCHRONY's furnishing of incorrect information regarding the Account to the three CRA Defendants and (2) all three CRA Defendants failed to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letters.

45. Additionally, upon information and belief, SYNCHRONY failed to conduct a reasonable investigation into the information it furnished to the CRA Defendants.

46. If SYNCHRONY had complied with its duties to reinvestigate the Account when it received notice of the disputes, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

47. Further, SYNCHRONY continues to furnish information regarding the Account that it knows or should know is inaccurate.

48. Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, TRANS UNION and EQUIFAX and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintain concerning Plaintiff. 15 U.S.C. § 1681e(b).

49. If TRANS UNION and EQUIFAX and EXPERIAN had complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

50. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

51. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

52. Because of his concern over the effects Defendants' misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – TRANS UNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

53. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

54. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

55. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

56. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

59. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANS UNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

60. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

61. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

62. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

63. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

64. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

65. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

66. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

67. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

68. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

69. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

70. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

71. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

72. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

73. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX

**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

74. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

75. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

76. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

77. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

78. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

79. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

80. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

**COUNT V – EXPERIAN**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

81. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

82. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

83. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

84. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

85. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

86. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

87. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VI – EXPERIAN
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

88. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

89. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

90. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing

to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

91. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

92. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

93. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

94. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII– SYNCHRONY
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

95. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-52.

96. After receiving Plaintiff's disputes, SYNCHRONY failed to reasonably reinvestigate its reporting of the information regarding the Account reporting on Plaintiff's consumer report.

97. SYNCHRONY violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of SYNCHRONY's representations to the CRAs.

98. As a result of this conduct, action, and inaction of SYNCHRONY, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

99. SYNCHRONY's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

100. In the alternative, SYNCHRONY was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

101. Plaintiff is entitled to recover costs and attorneys' fees from SYNCHRONY, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 09/09/2024                               Respectfully submitted,

*/s/ Christopher Higgins*
NJ Bar ID 041532012
Gator Law P.C.
8825 N. 23rd Avenue, Suite 100
Phoenix, AZ 85021
Email: attorneys@gatorlawpc.com
Phone: 385-324-5471
**Attorneys for Plaintiff,**
**DELFIN CUBILE**

15